Ruffin, Judge.
 

 The idea upon which tills petition goes, is, that the seizure of property under a
 
 fi.fa.
 
 is a discharge of the debt. It is constructively so in certain
 
 cases;
 
 that is, where the Sheriff really takes sufficient to pay the debt, and will not dispose of it $ and to
 
 *342
 
 (frbt on the judgment it may be pleaded. For it would be wrong to enforce the judgment by a second suit, and also keep the property on Cue first execution. But if the Defendant was never deprived of his property by the Sheriff, or if he was, and has got it back again, either with or without the consent of the Sheriff, it would be monstrous to say that in such a case, the Defendant had paid his debt. The levy on property is not actual payment, which the law always aims at. If is only constructively so, to prevent
 
 wrong. It
 
 is deemed a payment in those cases, where if it were riot, the Defendant would be twice deprived of his property on the same judgment. In all other instances, it is no payment. Without citing other authorities, tiiese positions will sufficiently appear by the cases of
 
 Clerk
 
 v. Withers, (1
 
 Salk.
 
 322,) and
 
 Taylor
 
 v.
 
 Baker.
 
 (2
 
 Mod.
 
 214.) It will be seen from this, that it must follow', that the petitioners can have no
 
 relief;
 
 for the Plaintiff lias received his money from no quarter. All the Defendants are but one to this purpose. Payment by one is payment by
 
 all;
 
 but there must bo payment by some one. Here there is pone.
 

 June,
 
 1830.
 

 Per Curiam.- — Let the petition be dismissed.